# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALICIA NUNEZ-ORTIZ          :      CIVIL ACTION
                                     :
           v.                    :      NO.  07-3384
                                       :
MICHAEL J. ASTRUE,           :
Commissioner of Social Security     :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                                 MAY 21, 2008

         Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[1] (Doc. No. 12) and the response and reply thereto (Doc. Nos. 15, 16).  The court makes the following findings and conclusions:

         1.      On August 13, 2004, Alicia Nunez-Ortiz ("Ortiz") protectively filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of May 2, 2004.[2]  (Tr. 60-62; 81-84).  Throughout the administrative process, including an administrative hearing held on February 16, 2006 before an ALJ, Ortiz' claims were denied.  (Tr. 4-7; 16-31; 33-34; 35-39).  Pursuant to 42 U.S.C. § 405(g), on August 17, 2007, Ortiz filed her complaint in this court seeking review of that decision.

         2.      In his decision, the ALJ concluded that Ortiz' degenerative joint disease, bronchial asthma, gastroesophageal reflux disease, bilateral heel pain, hyperlipidemia, recurrent major depressive disorder, and affective disorder constituted severe impairments.  (Tr. 25 ¶ 2; 25 Finding 3).[3] The ALJ further concluded that Ortiz' impairments did not meet or equal a listing, that she retained the residual functional capacity ("RFC") to perform simple, unskilled medium work, could perform her past relevant work as a packer and stock person, and therefore, she was not disabled.  (Tr. 25 ¶¶ 3-4; 30 ¶¶ 2, 3; 25 Findings 4, 5; 30 Findings 6, 7).

         3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such

---

[1]Plaintiff filed a motion for summary judgment with her brief in support of motion for summary judgment, which the court will construe as a brief and statement of issues in support of request for review pursuant to the procedural order. (Doc. No. 4).

[2]Ortiz previously applied for SSI, however, her claim was denied on February 13, 1998 at the initial level and she did not appeal the decision.  (Tr. 82).

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

      4.     Ortiz raises three arguments in which she alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  Because the Commissioner did not apply the proper legal standards and because his determination is not supported by substantial evidence, I must remand to allow the Commissioner to conduct the proper analysis.

      A.    Ortiz argues that she should have been found disabled pursuant to Medical Vocational Rule 201.17, however, the ALJ found she was not disabled pursuant to Medical Vocational Rule 203.11.  Since the ALJ determined that Ortiz was capable of performing her past relevant work as a packer and stock person at step four, whether or not Ortiz would be considered disabled pursuant to a medical vocational rule was not relevant and need not have been reached.[4]  SSR 82-62 provides that "for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety . . . in order to determine if the claimant's mental impairment is compatible with the performance of such work." at *3.  Ortiz testified that she stopped working because the work "was a lot of pressure, and . . . was affecting [her] nerves." (Tr. 259).  The ALJ determined that Ortiz's recurrent depressive disorder and affective disorder resulted in moderate limitations for her daily living activities, moderate difficulties in social functioning, and moderate difficulty in maintaining concentration, persistence, or pace.  (Tr. 25 ¶ 4).  The ALJ never made a finding of fact as to the mental demands of her job as a packer and stock person as required by SSR 82-62 and did not reference the DOT or consult with a VE.  See at *4.  The ALJ merely concluded that Ortiz was capable of "simple, unskilled, medium work" and was able to perform her part relevant work without any further explanation.  Thus, the ALJ did not comply with the requirements of SSR 82-62 and his decision was thus not supported by substantial evidence.  On remand the ALJ needs to fully consider the mental requirements of Ortiz's past relevant work and make findings as to how Ortiz' mental impairments affect her ability to perform such work.

      B.    The above analysis demonstrates that the ALJ failed to fully consider the record before him, and thus, the court will not make a ruling on Ortiz' remaining arguments regarding the weight to given to the opinion of her treating doctors and whether the ALJ properly discounted her credibility.  The ALJ is directed to reevaluate those issues once he has fully examined the record in accordance with the proper procedures and legal standards.

      5.     Therefore, this case must be remanded in order for the ALJ to reconsider the evidence and supplement his decision in a manner consistent with this opinion.

      An appropriate Order follows.

---

[4]I also note that the ALJ found that Ortiz had nonexertional impairments related to her recurrent major depressive disorder and affective disorder.  (Tr. 25 ¶ 4).  Thus, the medical vocational rules cannot wholly determine whether or not Ortiz is disabled.  See 20 C.F.R. Pt. 404, Subpt. P, App. 2, 200.00(e)(2).  If the ALJ intended this to be an alternate holding, such a holding would be ineffective, since the ALJ found that Ortiz had nonexertional impairments, but found Ortiz was able to perform a "full range of medium work" and found Ortiz not disabled pursuant to the medical vocational rules.  (Tr. 25 ¶ 4).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALICIA NUNEZ-ORTIZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-3384 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## <u>ORDER</u>

AND NOW, this  day of May 21, 2008, upon consideration of the brief in support of

review filed by plaintiff and the response and reply thereto (Doc. Nos. 12, 15, and 16) and having found

after careful and independent consideration of the record that the Commissioner did not apply the correct

legal standards and that the record does not contain substantial evidence to support the ALJ's findings of

fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under

sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is

hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE
DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of
this remand only and the relief sought by Plaintiff through her brief and motion for
summary judgment is **GRANTED** to the extent that the matter is **REMANDED** for further
proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.


       S/Lowell A. Reed, Jr.
       LOWELL A. REED, JR., Sr. J.